People v Sanchez (2022 NY Slip Op 50909(U))

[*1]

People v Sanchez (Rodolfo)

2022 NY Slip Op 50909(U) [76 Misc 3d 132(A)]

Decided on September 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-2534 K CR

The People of the State of New York,
Respondent,
against
Rodolfo Sanchez, Appellant. 

Appellate Advocates (Jenin Younes and Melissa Lee of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Morgan J. Dennehy of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael J. Yavinsky, J.), rendered November 7, 2018. The judgment convicted defendant, upon
his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree,
and imposed sentence. The appeal brings up for review an order of that court (Deepa Ambekar,
J.) dated October 15, 2018 denying defendant's motion to dismiss the accusatory instrument on
statutory speedy trial grounds, and an order of that court (Deepa Ambekar, J.) dated November 5,
2018 which, upon, in effect, reargument and renewal, adhered to its prior determination denying
defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in an information with aggravated driving while intoxicated (Vehicle
and Traffic Law § 1192 [2-a]), driving while intoxicated (per se) (Vehicle and Traffic Law
§ 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192
[3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and failure to
signal (Vehicle and Traffic Law § 1163 [d]). Defendant's motion seeking to dismiss the
accusatory instrument on statutory speedy trial grounds was denied in an order of the Criminal
Court (Deepa Ambekar, J.) dated October 15, 2018, finding that only 79 days were chargeable
against the People. After, in effect, granting the branches of defendant's motion seeking leave to
reargue and [*2]renew his prior motion, the court (Deepa
Ambekar, J.), in an order dated November 5, 2018, adhered to its prior determination denying
dismissal. On November 7, 2018, defendant entered into a plea agreement whereby he pleaded
guilty to an added charge of aggravated unlicensed operation of a motor vehicle in the second
degree (Vehicle and Traffic Law § 511 [2] [a] [1]) in satisfaction of the docket, and
sentence was imposed.
On appeal, defendant asserts that the Criminal Court's denial of his motion to dismiss the
accusatory instrument on statutory speedy trial grounds was erroneous. Prior to January 1, 2020,
it had been the rule that a "defendant who has entered a plea of guilty 'forfeit[s] his [or her] right
to claim that he [or she] was deprived of a speedy trial under CPL 30.30' " (People v Hernandez, 176 AD3d
1100, 1101 [2019], quoting People v O'Brien, 56 NY2d 1009, 1010 [1982]).
However, legislation amending CPL 30.30 went into effect January 1, 2020, during which time
defendant's appeal was before this court. The amended CPL 30.30 adds a new subdivision 6,
which provides that "[a]n order finally denying a motion to dismiss pursuant to subdivision one
of this section shall be reviewable upon an appeal from an ensuing judgment of conviction
notwithstanding the fact that such judgment is entered upon a plea of guilty." 
However, in People v Galindo
(38 NY3d 199 [2022]), the Court of Appeals determined that "the legislature has not
mandated retroactive application of the newly worded CPL 30.30" statute. Although the
Galindo Court addressed the retroactive application of a different subdivision of the
amended speedy trial statute, we find that this analysis applies with equal force to subdivision 6,
and we therefore hold that CPL 30.30 (6) does not apply retroactively. Consequently, by virtue of
defendant's 2018 guilty plea, he forfeited his right to claim that he was deprived of a speedy trial
under CPL 30.30 (see O'Brien, 56 NY2d at 1010).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, J.P. and WESTON, J., concur.
ELLIOT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 2, 2022